Submitted May 18, affirmed June 7, petition for review denied August 24, 2017 (361 Or 803)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRETT ANGUS PEARSON,
*Defendant-Appellant.*

Marion County Circuit Court
14C40910; A160614

398 P3d 506

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**PER CURIAM**

Defendant, who was 17 at the time of his crimes, was charged and tried as an adult for killing his mother and shooting his father. Defendant pleaded guilty to one count each of aggravated murder, ORS 163.095; attempted murder, ORS 161.405; ORS 163.095; and conspiracy to commit murder, ORS 161.450; ORS 163.095.[1] The trial court sentenced defendant to a sum of 40 years' incarceration: 30 years' incarceration for the aggravated murder conviction, and 10 years' incarceration for the attempted murder conviction, to be served consecutively. Although defendant argued that the sentence should be shorter, he did not suggest that the 40-year term was unconstitutional in light of his status as a juvenile.

On appeal, defendant argues for the first time that, under the United States Supreme Court decision in *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), it was error for the trial court to impose the 40-year term of incarceration.[2] In *Miller*, the Supreme Court concluded that *"mandatory life without parole* for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 US 460 (emphasis added). Defendant acknowledges that his argument is not preserved, and that *Miller* did not address a nonlife, fixed-term sentence like the one he received, but asks us nonetheless to conclude that the trial court's purported error is plain and to reverse on that basis.

An error is "plain" only "if (1) the error is one of law, (2) the error is obvious, not reasonably in dispute, and (3) the error appears on the face of the record, so that we need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (internal quotation marks omitted). Here, it is not "obvious" that defendant's

---

[1] In accordance with defendant's plea agreement, the trial court merged defendant's guilty plea for conspiracy to commit murder with his guilty plea for attempted murder, resulting in a conviction for attempted murder.

[2] Defendant suggests that the reasoning in *Miller* means that his sentence is unconstitutional under both the state and federal constitutions.

sentence is unconstitutional under *Miller*. As defendant admits in his brief, the Supreme Court has not extended its reasoning in *Miller* to nonlife, fixed-term sentences such as defendant's, and the extent to which *Miller* applies to nonlife sentences for juveniles—even when those sentences are long—presents an open question. As a result, the trial court's error—if any—is not plain.

Affirmed.